IN THE MATTER OF BETSEY ANN MASON, A SUPPOSED LUNATIC.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. BETSEY ANN MASON, APPELLANT, *v.* THE COUNTY COURT OF ONONDAGA COUNTY, A. J. NORTHRUP, COUNTY JUDGE, AND ALANSON HICKS, RESPONDENTS.

*The County Court has power to set aside an inquisition not signed by the jury — its power to do so is not restricted by section 2336 of the Code of Civil Procedure — it may direct a new trial to be had before a court and jury at a County Court.*

In pursuance of the direction of a commission, issued on January 27, 1888, under an application made to the County Court of Onondaga county by the respondent Alanson Hicks, for a commission to inquire as to the alleged lunacy of the appellant Betsey Ann Mason, the matter was brought to a hearing before the commissioner and a jury. At the conclusion of the hearing, and after the charge of the commissioner, the jurors, having unanimously found that the appellant was not a lunatic, nor incapable of governing herself or managing her affairs and property, were thereupon discharged by the commissioner without having signed an inquisition as required by section 2332 of the Code of Civil Procedure. An inquisition or return was, however, made and signed by the commissioner and filed.

Upon an appeal from an order denying a motion to dismiss the proceeding made by the appellant Betsey Ann Mason, based upon the inquisition signed by the commissioner and the affidavits of the appellant's attorney, and from an order, granted on the motion of the respondent, setting aside the verdict or finding of the jury and directing a new trial to be had before the court and a jury at a trial term thereof, the appellant claimed that as the inquisition was not signed by the jury it was irregular and defective, and that the court had no power to take any action in the proceeding except to dismiss it.

*Held,* that the rule, which had been well settled before the adoption of the Code of Civil Procedure, that such an inquisition could be set aside by the court for irregularity, or where it did not conform to the requirements of the statute, or where the facts did not justify the finding of the jury, had not been changed by the adoption of the said Code.

That section 2336 of the said Code does not restrict the power of the court to grant a new trial to a case in which a proper inquisition has been returned to the court.

The appellant also claimed that even if the court had power to grant a new trial in this case, still it had no right to change the mode of trial from a trial before a commissioner and a jury to a trial before a court and a jury to be held at a trial term of that court.

*Held,* that the claim could not be sustained, as substantially the same question had been decided by this court *In the Matter of Jackson* (37 Hun, 306), where it was

decided that upon the return of a commission with the inquisition the court might in a proper case, direct the issues of fact to be tried before a jury in a County Court.

APPEAL from an order of the Onondaga County Court, entered in the office of the clerk of that county on May 18, 1888, setting aside the verdict of a jury in this proceeding and granting a new trial, and from an order of the same court, entered in the same clerk's office on May 11, 1888, denying the motion of Betsey Ann Mason, the alleged lunatic, to require the petitioner to pay costs, and for the dismissal of the petition; and, also, an appeal from an order made at a Special Term of the Supreme Court, entered in the same county clerk's office on July 16, 1888, dismissing a writ of prohibition granted therein, with costs and disbursements.

*George Barrow* and *M. M. Waters*, for the appellant.

*T. K. & L. E. Fuller*, for the respondents.

MARTIN, J.:

There are three separate appeals pending between the parties in the above-entitled matters. The first two are from orders made in a proceeding instituted to inquire into the competency of the appellant to manage herself and her affairs. The other is from an order which is so closely related to such proceeding as to substantially form a part thereof, hence they may well be considered together.

On the 27th day of January, 1888, an application was made to the County Court of Onondaga county, on the petition of the respondent Alanson Hicks, for a commission, in the nature of a writ *de lunatico inquirendo*, to inquire of the apparent lunacy of the appellant. That application was granted and a commission in the usual form was issued to Thurston D. Brewster, Esq., directing him to cause the sheriff of Onondaga county to procure a jury, and by such jury to inquire whether the appellant was a lunatic, and whether, by reason of such infirmity, she was incapable of governing herself and managing her affairs and property, and that he should report the inquisition made under the hands and seals of those by whom it was made. In pursuance of the directions and requirements of such commission, the commissioner named, caused the sheriff to summon a jury, and the matter was brought to a hear-

ing before such commissioner and jury. At the conclusion of the hearing, and after the charge of the commissioner, the jurors summoned, unanimously found that the appellant was not a lunatic nor incapable of governing herself or managing her affairs and property. The jurors were, thereupon, discharged by the commissioner without having signed an inquisition as required by section 2332 of the Code of Civil Procedure. An inquisition or return was, however, made and signed by the, commissioner and filed in the office of the clerk of said county on the 12th day of March, 1888.

Subsequent to the filing of such inquisition, the appellant made a motion in the County Court for an order dismissing the proceeding and for costs. This motion was based on the inquisition and the affidavit of the appellant's attorney. At the same time the respondent moved for an order to set aside the verdict or finding of the jury, and for a new trial to be had at a trial term of said court. This last motion was also founded upon the inquisition and upon affidavits, which show or tend to show that the appellant did not appear before such commissioner and jury, and that they were not given free and unconditional consent to visit and examine her at her residence; and, also, that the jury were improperly approached by a person not connected with the proceeding. After hearing both motions the court denied the appellant's motion to dismiss the proceeding and for costs, and granted the respondent's motion for a new trial, and in such order stated the issues to be tried before the court and a jury at a trial term thereof.

The appellant then applied to the Supreme Court and obtained an alternative writ of prohibition directed to the County Court, the county judge and the respondent Alanson Hicks, commanding them to desist from proceeding in the matter and to make return to such writ at a Special Term of that court at a time therein named. To this writ a return was made, and thereupon an order was granted dismissing the writ, with costs. From each of these orders Betsy Ann Mason, the appellant, has appealed.

That the County Court acquired jurisdiction of the proceeding to inquire into the competency of the appellant is not questioned; nor is the regularity of the procedure therein, prior to the hearing before the commissioner and jury, in any way challenged. What the appellant now claims is, that as the inquisition was not signed by

the jury it was irregular and defective; that the court had no power to take any action in the proceeding, except to dismiss; and that the orders denying the appellant's motion to dismiss the proceeding and granting a new trial therein were not justified, and should be reversed.

That the inquisition returned in this case was irregular and defective there can be no doubt, but that the effect of such irregularity was, as contended by the appellant, is denied. It seems to have been well-settled before the adoption of the Code of Civil Procedure that such an inquisition might be set aside by the court for irregularity, or where it did not conform to the requirements of the statute, or where the facts did not justify the findings of the jury. (2 Crary's Special Proceedings, 22; Fiero's Special Proceedings, 392; 2 Van Santvoord's Eq. Pr., 392; Shelford on Lunatics, 112.) If this rule has not been changed by the provisions of the Code, then it is quite obvious that the court possessed the power, in its discretion, to set aside such inquisition and to grant a new trial therein. But the appellant claims that the effect of section 2336 of the Code of Civil Procedure is to restrict the power of the court to grant a new trial to a case in which a *proper* inquisition has been returned to the court. We do not think that such was the effect or intent of that statute. Mr. Throop's note to that section is to the effect that that portion of the section which relates to this question was made general in order to leave the practice, as it previously existed, unchanged. We think the rules in regard to granting new trials in such a proceeding as they existed before the Code have not been superseded by the statute. The appellant also claims that even if the court had power to grant a new a trial in this case, still it had no right to change the mode of trial from a trial before a commissioner and a jury to a trial before the court and jury to be held at a trial term of that court. Her contention is that the respondent was entitled to employ but one of the modes of procedure provided for, and having adopted one and failed, he cannot now avail himself of the other. Substantially the same question was before the court *In the Matter of Jackson* (37 Hun, 306), and it was there held that upon the return of a commission with the inquisition the court might, in a proper case, direct the issues of fact to be tried before a jury in a County Court.

Our conclusion is that the County Court possessed the power, in its discretion, to grant a new trial in this case, and to direct that it should be had before a jury in the County Court, and as there is nothing in the papers before us which shows that such discretion has been abused, the order denying the appellant's motion to dismiss such proceeding and for costs and the order granting a new trial should both be affirmed. This leaves for consideration the order dismissing the writ of prohibition which was granted to restrain the County Court and the respondent from proceeding to a new trial in this matter. If we are correct in our conclusion that a new trial was properly granted, then it is quite manifest that the learned judge before whom the writ was returned was fully justified in holding that the County Court had jurisdiction in such proceeding; that the appellant's remedy, if any, was by appeal and not by writ of prohibition, and in dismissing the writ, with costs.

It follows that the orders appealed from should be affirmed; each of said orders is affirmed, with ten dollars costs and disbursements in each appeal.

FOLLETT and KENNEDY, JJ., concurred.

Orders affirmed, with ten dollars costs and printing disbursements in each case.